UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR KEEGAN,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | CASE NO. C24-0656-KKE<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

Plaintiff Trevor Keegan sues the United States of America ("United States") under the Federal Tort Claims Act ("FTCA") for allegedly incarcerating him for 69 days past his mandatory release date. The United States moves to dismiss this case for lack of subject matter jurisdiction because Keegan failed to exhaust his administrative remedies and because it is immune from such suits. While the Court denies the government's motion with respect to administrative exhaustion, the Court grants the government's motion on the basis of sovereign immunity.

I. BACKGROUND[1]

On March 7, 2022, while incarcerated, Keegan filed his first writ of habeas corpus in the District of Hawaii, arguing his release date should be May 11, 2022. *Keegan v. Derr*, CV22-089-LEK, Dkt. No. 1 (D. Haw. filed Mar. 7, 2022). Keegan was released from incarceration on July

---

[1] The Court takes judicial notice of the filings and orders in this district filed the District of Hawaii from the other cases Keegan filed on this issue. *See Pimentel-Estrada v. Barr*, 464 F. Supp. 3d 1225, 1230 (W.D. Wash. 2020).

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

19, 2022, and his supervision was then transferred to the Western District of Washington. *United States v. Keegan*, CR22-204-JCC, Dkt. No. 1 (W.D. Wash. filed Nov. 22, 2022).

On March 8, 2023, the District Court of Hawaii granted in part Keegan's writ of habeas corpus and ordered:

> Because it is unclear if the time credits Keegan earned after December 25, 2021 were applied to his term of supervised release, the Court grants the Petition insofar as Warden Derr is directed to recalculate Keegan's earned time credits and to file a declaration regarding the results of the recalculation. If Keegan has additional earned time credits, an order will be entered applying those additional credits to Keegan's term of supervised release.

*Keegan v. Derr*, CV22-089-LEK, Dkt. No. 18 (D. Haw. filed Mar. 8, 2023). After additional briefing, on May 3, 2023, the District Court of Hawaii held: "Because Keegan has unapplied earned FSA time credits, the Court DIRECTS the United States Probation Office to apply Keegan's fifty earned FSA time credits to the term of supervised release that was imposed in the judgment." *Id.*, Dkt. No. 21 at 2.

On May 30, 2023, Keegan filed a motion for early termination of supervised release in his case in the Western District of Washington. *United States v. Keegan*, CR22-204-JCC, Dkt. No. 3 (W.D. Wash. filed May 30, 2023). On June 28, 2023, the court denied the motion, acknowledging the 50 days of credit on his supervised release, but finding based on other factors that early termination was not warranted. *Id.*, Dkt. No. 4 at 2. The court instructed Keegan to renew his motion after 18 months of supervised release. *Id.*

On July 3, 2023, Keegan sought to reopen his habeas case in the District of Hawaii to add an additional 19 days of credit to reduce his term of supervised release (*Keegan v. Derr*, CV22-089-LEK, Dkt. No. 24 at 3), which was denied on July 12, 2023, with the instruction to "file another petition under 28 U.S.C. § 2241…in the custodial court" (*id.*, Dkt. No. 25 at 1) (quotation marks omitted).

On July 19, 2023, Keegan filed a second writ of habeas corpus, this time in the Western District of Washington, alleging the Court should apply an additional 19 days of credits to reduce his term of supervised release. *Keegan v. Derr*, C23-1094-KKE-TLF, Dkt. No. 1 at 9 (W.D. Wash. filed July 19, 2023).

On November 30, 2023, Keegan renewed his motion for early termination of supervised release. *United States v. Keegan*, CR22-204-JCC, Dkt. No. 5 (W.D. Wash. filed Nov. 20, 2023). This time, the court granted the motion finding that Keegan's compliance with the terms of his supervision coupled with his consistent engagement in community work warranted such relief. *Id.*, Dkt. No. 6. Keegan's supervised release was terminated on December 4, 2023. *Id.*

On March 22, 2024, his second writ of habeas corpus was denied as moot because his supervised release had been terminated, and he only sought a reduction in his supervised release sentence. *Keegan v. Derr*, C23-1094-KKE-TLF, Dkt. No. 9 (W.D. Wash. filed Mar. 22, 2024).

Keegan filed the instant lawsuit against the United States on May 10, 2024, seeking damages from the alleged overincarceration. Dkt. No. 1. He alleges two causes of action under the FTCA: false imprisonment and negligence (*id.* at 6–7) committed by the United States acting "through the Bureau of Prisons…and the BOP's Employees, Agents, and Contractors" (*id.* at 2). The United States now moves to dismiss the suit arguing Keegan did not file an administrative claim before filing the lawsuit and arguing it is immune from liability for the acts alleged. Dkt. No. 8. Keegan responded (Dkt. No. 14), and the United States replied (Dkt. No. 16).

Keegan then filed a motion to stay the pending motion and a request for oral argument. Dkt. No. 18. After the United States responded (Dkt. No. 19), Keegan withdrew his motion to stay but reiterated his request for oral argument (Dkt. No. 20). Under Local Rule 7(b)(4), the Court finds oral argument is not necessary to decide the motion to dismiss. Local Rules W.D. Wash. LCR 7(b)(4). The motion is ripe for resolution.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 3

## II. ANALYSIS

**A.     Legal Standard on a Motion to Dismiss Under Rule 12(b)(1).**

Federal courts are courts of limited jurisdiction. "A federal court is presumed to lack subject matter jurisdiction until [a] plaintiff establishes otherwise." *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

A challenge to subject matter jurisdiction under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The United States brings both a facial attack (sovereign immunity) and a factual attack (failure to file an administrative claim). District courts resolve facial attacks as they do motions to dismiss under Rule 12(b)(6): "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor," and then determining whether they are legally sufficient to invoke jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). With a factual attack, on the other hand, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id*. In evaluating a factual attack, courts may look to evidence beyond the complaint without converting the motion to dismiss into one for summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Keegan is *pro se* and though his pleading and briefing is sophisticated, he is still held to the *pro se* "less stringent" standard.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 4

The Court first considers the United States' factual attack on the exhaustion of administrative remedies and then, if necessary, will turn to the facial attack on immunity.

**B.     Keegan's Evidence of Presentment is Unrebutted.**

Keegan must prove "by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite*, 749 F.3d at 1121. The parties agree that Keegan had to present his FTCA claim to the "appropriate Federal agency" and for that agency to deny his claim or for six months to pass without a "final disposition" before he could bring this lawsuit. 28 U.S.C. § 2675(a); Dkt. No. 8 at 10, Dkt. No. 14 at 7. The parties also agree that Keegan's claim must have included: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984); Dkt. No. 8 at 10–11, Dkt. No. 14 at 7.

The United States initially argued that Keegan had to submit a "Standard Form 95 (SF-95)" (Dkt. No. 8 at 7) and that BOP had no record of any "claim filed in an SF-95 associated with Trevor Keegan" (Dkt. No. 9 ¶ 3). In response, Keegan provided evidence that documents were delivered to the correct BOP field office on July 12, 2023 (Dkt. No. 14 at 13–28) and argued that the statute does require an SF-95 if an otherwise adequate claim is received by the agency. Dkt. No. 14 at 7–9. On reply, the United States admits that an SF-95 is not required (Dkt. No. 16 at 5 n.4) but argues that "nothing in Keegan's filing shows the content of his mailing and, without such documentation, there is no way for the United States or the Court to evaluate the sufficiency of any administrative claim contained within." Dkt. No. 16 at 5.

It is Keegan's burden to show he met the presentment requirement, which shall be strictly construed in favor of the United States. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). The Court must review the evidence to determine whether there is "nothing more than

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 5

competing statements from the government and the claimant regarding receipt of a claim form" which would undermine the Court's jurisdiction, or whether the evidence reveals more. *O'Beirn v. United States Dep't of Veterans Affs.*, No. C07-805RAJ, 2008 WL 11343103, at *3 (W.D. Wash. Apr. 15, 2008). It is not enough for a plaintiff to merely allege that they mailed the claim form, as no "mailbox rule" or presumption of receipt applies to the federal government in this Circuit. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006). Rather, the burden is on the Plaintiff to show that the agency *received* the claim. *Id.*

Here, Keegan provides proof of mailing by certified mail what he describes as an administrative claim. Keegan does not provide a copy of his claim but explains it included "date of incident, place where the incident occurred, explanation of events, witnesses, description of injury or property loss, sum certain claimed, date of claim, and claimant's signature." Dkt. No. 14 at 9. He also provides proof that the United States Postal Service delivered his certified letter to the correct BOP field office and that it was delivered to an individual there. Dkt. No. 14 at 13–28. There is no evidence in the record to the contrary. Rather, in its motion, the United States provides a declaration stating it is unable to locate an SF-95 form from Keegan. Dkt. No. 9 ¶ 3. However, the government concedes on reply that an SF-95 is not required if the claim is otherwise adequately presented. Dkt. No. 16 at 5 n.4. The government does not aver that the BOP never received Keegan's certified letter, and instead appears to concede that Keegan has established that his claim was in fact received. *Id.* at 5. Though the government speculates in its reply brief about the sufficiency of Keegan's claim, the government does not offer any additional evidence that its contents were not as represented or otherwise insufficient. *Id.*

Accordingly, without evidence rebutting Keegan's proof that the BOP received his claim, the government's motion to dismiss on the basis of failure to exhaust is denied without prejudice.

**C.   Keegan Fails to Allege the United States Waived Its Sovereign Immunity.**

Generally, the United States and federal agencies are immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives the United States' sovereign immunity for certain torts, but the statute excepts "[a]ny claim arising out of…false imprisonment" from its waiver of immunity. 28 U.S.C. §§ 1346(b)(1), 2674, 2680(h). This exception to the waiver of sovereign immunity has its own exception wherein the United States can be sued for "acts or omissions of investigative or law enforcement officers" for claims arising "out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). Accordingly, to state a claim under the FTCA for false imprisonment, Keegan must allege that his false imprisonment resulted from the "acts or omissions" of investigative or law enforcement officers.

Relying on *Snow-Erlin v. United States*, 470 F.3d 804, 808–09 (9th Cir. 2006), the United States argues it has not waived its sovereign immunity for cases where the "gravamen of the complaint" is that an individual was incarcerated for too long. Dkt. No. 8 at 8. The majority of courts to have considered this issue agree with the United States. *See Adeboye v. United States*, No. 19-CV-3089 (DLF), 2020 WL 5231323, at *3 (D.D.C. Sept. 1, 2020) ("For this reason, courts have consistently held that the FTCA does not waive sovereign immunity for over-detention claims.") (collecting cases).

Keegan responds that notwithstanding *Snow-Erlin*, the "law enforcement proviso" waives sovereign immunity for acts of BOP staff. Dkt. No. 14 at 4–5. It is true that *Snow-Erlin* did not expressly address the law enforcement exception to the bar on claims for certain intentional torts, and that in other contexts, BOP correctional officers have been held to be subject to the law enforcement exception. *See Dickson v. United States*, 11 F.4th 308, 314 (5th Cir. 2021) ("BOP officials are 'law enforcement officers' within the meaning of the law enforcement proviso.").

However, Keegan's complaint contains no allegations that any law enforcement officers were responsible for the erroneous calculation of his earned time credits. Instead, Keegan alleges his injury arose from a BOP policy carried out by "BOP Employees, Agents, and Contractors." Dkt. No. 1 at 2. Moreover, Keegan does not address the United States' argument that over-detention claims cannot be brought pursuant to the FTCA because the "authority to detain other persons and determine the length of their sentences is a uniquely governmental function that has no private analogue." *Portillo v. United States*, No. 2:17-cv-00394-JAD-GWF, 2018 WL 523363, at *3 (D. Nev. Jan. 22, 2018), *aff'd*, 741 F. App'x 415 (9th Cir. 2018); *see also Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (The FTCA "allows the United States to be liable if a private party would be liable under similar circumstances in the relevant jurisdiction.").

It is Keegan's burden to allege the Court has subject matter jurisdiction. *Leite*, 749 F.3d at 1121. Without sufficient allegations to support a waiver of sovereign immunity, the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction.

### D.     The Court Grants Keegan Leave to Amend.

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014). In light of the less stringent standard applied to *pro se* pleadings and because it is not clear that Keegan could "not possibly" cure the defects in his complaint,[2] the Court grants leave to amend.

///

///

---

[2] For example, the United States suggests that Keegan's case is more properly brought as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Dkt. No. 16 at 4.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 8

## III.  CONCLUSION

For these reasons, the Court grants the United States' motion to dismiss.  Dkt. No. 8.

The motion to stay is terminated as withdrawn.  Dkt. No. 18.

Keegan may amend his complaint by March 7, 2025.

Dated this 7th day of February, 2025.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge