UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR KEEGAN,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | CASE NO. C24-0656-KKE<br><br>ORDER GRANTING THE UNITED STATES OF AMERICA'S SECOND MOTION TO DISMISS |

Plaintiff Trevor Keegan, representing himself, sues the United States of America for false imprisonment and negligence under the Federal Tort Claims Act ("FTCA").[1] Plaintiff alleges the United States failed to apply First Step Act time credits he earned after December 25, 2021, leading to his over-incarceration for 69 days. Dkt. No. 22. The Court previously granted the United States's motion to dismiss because Plaintiff failed to show the government had waived its sovereign immunity for the claims alleged, but the Court granted leave to amend. Dkt. No. 21. The United States again moves to dismiss the amended complaint for the same reason. Dkt. No. 30. The Court will grant the motion, because the United States has not waived sovereign immunity for tort claims arising from the calculation of criminal sentences.

---

[1] Plaintiff also sues individual Defendant Susan Giddings and Doe Defendant(s) "for false imprisonment, abuse of policy, and fourth and fifth amendment constitutional rights violations, pursuant to Bivens v. Six Unknown Named Narcotics Agents[.]" Dkt. No. 22 at 1, 18–19. These claims are not addressed in this order. *See* Dkt. No. 48 (Defendant Susan Giddings's motion to dismiss).

ORDER GRANTING THE UNITED STATES OF AMERICA'S SECOND MOTION TO DISMISS - 1

## I.  BACKGROUND

**A.  Relevant Factual History**

The First Step Act ("FSA"), Public Law No. 115-391, provides that a prisoner "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  18 U.S.C. § 3632(d)(4)(A)(i).  Further, a prisoner determined to be "at a minimum or low risk for recidivating … shall earn an additional 5 days of time credit for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  18 U.S.C. § 3632(d)(4)(A)(ii).

On August 30, 2021, Plaintiff began a 15-month sentence at the Federal Detention Center in Honolulu, Hawaii.  Dkt. No. 22 at 8–9.  He was eligible to earn time FSA credits during his incarceration.  *Keegan v. Derr*, CV22-089-LEK-RT (D. Haw. Apr. 12, 2022), Dkt. No. 12-8 ¶ 4(c).[2]  Although the FSA was enacted on December 21, 2018, the Bureau of Prisons ("BOP") did not finalize an FSA time credit rule until January 19, 2022.  *See* Dkt. No. 31 ¶ 7.  On January 12, 2022, BOP "established interim procedures to ensure timely implementation of the FSA final rule."  *Id.*  From that point, the BOP required its staff to manually calculate individual prisoners' FSA time credits, until the BOP's auto-calculation application became functional in November 2022.  *Id.* ¶ 8.  Under these interim procedures, BOP staff would manually calculate FSA time credits for only a subset of prisoners "who were within 24 months of their statutory release date."  *Id.* ¶¶ 9–11.  BOP staff would pull a "data set" of prisoners based on their statutory release dates, manually calculate their FSA time credits, and upload that information so the BOP Designation and Sentence Computation Center ("DSCC") could update the prisoners' projected release dates.

---

[2] The Court takes judicial notice of the filings and orders from Plaintiff's prior habeas corpus proceeding, *Keegan v. Derr*, CV22-089-LEK-RT (D. Haw. filed Mar. 7, 2022).  *See Pimentel-Estrada v. Barr*, 464 F. Supp. 3d 1225, 1230 (W.D. Wash. 2020) (taking judicial notice of records from another case).

ORDER GRANTING THE UNITED STATES OF AMERICA'S SECOND MOTION TO DISMISS - 2

*Id.* ¶ 11. Under the interim procedures, once a data set's FSA time credits were manually calculated, "they were not calculated again." *Id.*

Plaintiff's FSA time credits were "adjusted on January 20, 2022, with the application of all FSA credits earned as of December 25, 2021[.]" Dkt. No. 31 ¶ 13. BOP calculated that Plaintiff "earned 58 days of credit between August 30, 2021, and December 25, 2021" which led to a release date of July 19, 2022. *Keegan v. Derr*, CV22-089-LEK-RT (D. Haw. Apr. 12, 2022), Dkt. No. 12-8 ¶¶ 6(g), 7.

As part of Plaintiff's prior habeas petition in the District of Hawaii, the Unit Manager at the Federal Detention Center in Honolulu attested that Plaintiff earned an additional 50 days of FSA credit after December 25, 2021, that, as of March 2023, had not been applied to Plaintiff's sentence and would have made his release date May 2022. *Keegan v. Derr*, CV22-089-LEK-RT (D. Haw. Apr. 7, 2023), Dkt. No. 20-1 ¶ 5. On May 3, 2023, the District of Hawaii closed the habeas case, after granting in part and denying in part Plaintiff's habeas petition and ordering "the United States Probation Office to apply Keegan's fifty earned FSA time credits to the term of supervised release that was imposed in the judgment." *Id.*, Dkt. No. 18, Dkt. No. 21 at 2. Plaintiff moved to reopen that case to apply an additional 19 days of FSA credit due to his low risk of recidivism but, on July 12, 2023, the court denied the motion because, at that point, Plaintiff had been transferred to the Western District of Washington. *Id.*, Dkt. No. 25.

**B.    Procedural History**[3]

Plaintiff initially filed this complaint for damages under the FTCA for false imprisonment and negligence for his alleged 69 days of over-incarceration. Dkt. No. 1. The Court granted the United States's motion to dismiss for lack of subject matter jurisdiction and granted Plaintiff leave

---

[3] A more expanded procedural history of this case and Plaintiff's other efforts to seek relief is provided in the Court's order on the United States's first motion to dismiss. Dkt. No. 21 at 1–3.

ORDER GRANTING THE UNITED STATES OF AMERICA'S SECOND MOTION TO DISMISS - 3

to amend. Dkt. No. 21. The Court found that Plaintiff did not demonstrate the United States waived its sovereign immunity for his claims because Plaintiff failed to allege "his false imprisonment resulted from the 'acts or omissions' of investigative or law enforcement officers[,]" and he did not respond to the United States's argument that over-detention claims cannot be brought under the FTCA because such acts lack a private analogue. *Id.* at 7–8.

Plaintiff filed an amended complaint that again brings two claims against the United States for false imprisonment and negligence ("the over-detention claim"[4]). Dkt. No. 22 at 17–18. The amended complaint preemptively addresses the United States's sovereign immunity, arguing BOP officials fall under the law enforcement proviso and that there is a private analogue to wrongful over-detention in the healthcare field. *Id.* at 1–8.

The United States moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1) and (6). Dkt. No. 30. The motion is now ripe for the Court's consideration.

## II.   ANALYSIS

The Court will first address the United States's arguments regarding sovereign immunity under Rule 12(b)(1) and then, if necessary, its argument under Rule 12(b)(6).

### A.   Legal Standard under Rule 12(b)(1) and the FTCA

Federal courts are courts of limited jurisdiction: "A federal court is presumed to lack subject matter jurisdiction until [a] plaintiff establishes otherwise." *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021).

A challenge to subject matter jurisdiction under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The United States brings both a facial attack (private analogue and false imprisonment exception) and a factual attack

---

[4] Negligence and false imprisonment claims arising from over-detention are treated the same under the FTCA. *Snow-Erlin v. United States*, 470 F.3d 804, 809 (9th Cir. 2006)

ORDER GRANTING THE UNITED STATES OF AMERICA'S SECOND MOTION TO DISMISS - 4

(discretionary function exception). District courts resolve facial attacks as they do motions to dismiss under Rule 12(b)(6): "Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor," and then determining whether they are legally sufficient to invoke jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). With a factual attack, on the other hand, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* In evaluating a factual attack, courts may look to evidence beyond the complaint without converting the motion to dismiss into one for summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039.

The United States's 12(b)(1) motion asserts it is immune from liability for Plaintiff's claims. The United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. 6, 9 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))). The FTCA waives this immunity for private tort actions "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). There are two exceptions to this waiver that are relevant here. First, the FTCA does not waive immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the United States, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Second, the FTCA does not waive immunity for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" unless arising out of the act or omission of an "investigative or law enforcement officers[.]" *Id.* § 2680(h).

The United States attacks Plaintiff's over-detention claim on three grounds: 1) that the claim does not have a private analogue so is not waived by the FTCA; 2) it is excepted from the FTCA waiver because it arises from the performance of a discretionary function; and 3) it is a claim for false imprisonment not arising from the acts of an investigative or law enforcement officer. Dkt. No. 30 at 2. The Court finds that Plaintiff's claim of over-detention does not have a private analogue and thus the United States' sovereign immunity is not waived. The Court need not address the United States's remaining arguments.

**B.     The FTCA Does Not Waive Immunity for Claims of Over-Detention.**

The FTCA only waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]"). The Supreme Court has "interpret[ed] these words to mean what they say, namely, that the United States waives sovereign immunity 'under circumstances' where local law would make a '*private person*' liable in tort." *United States v. Olson*, 546 U.S. 43, 44 (2005). "Although the federal government 'could never be exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy.'" *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016) (quoting *LaBarge v. Mariposa Cnty.*, 798 F.2d 364, 367 (9th Cir. 1986)).

Plaintiff's claim against the United States arises from the calculation and application of his FSA time credits. The Court need not determine whether a private party could be held liable under Washington (or Hawaii) state law for the same act because the calculation of a term of imprisonment is uniquely governmental—there is no private analogy. *See Sky Ad, Inc. v. McClure*, 951 F.2d 1146, 1147 n.2 (9th Cir. 1991) (describing an FTCA claim for failure to comply with the

notice and comment requirements of administrative rulemaking as an "action of the type that private persons could not engage in and hence could not be liable for under local law'" (quoting *C.P. Chem. Co. v. United States*, 810 F.2d 34, 37–38 (2d Cir. 1987))). Other courts agree that calculation of criminal sentences or time credits has no private analogue. *See Buzzanca v. District of Columbia*, 523 F. Supp. 3d 64, 70 (D.D.C. 2021) ("Courts making the 'private person' inquiry in similar cases have uniformly held that '"[t]he authority to detain other persons and determine the length of their sentences … has no private analogue."' (collecting cases)); *Portillo v. United States*, No. 2:17-cv-00394-JAD-GWF, 2018 WL 523363, at *3 (D. Nev. Jan. 22, 2018) ("The authority to detain other persons and determine the length of their sentences is a uniquely governmental function that has no private analogue."), *aff'd*, 741 F. App'x 415 (9th Cir. 2018).

Plaintiff argues the FTCA waiver applies to claims for over-detention because "private prison operators have long been held liable under tort law for overdetention" and provides a 2016 Report from the Department of Justice that states "several private contract institutions continued to perform sentence computation functions after 2010." Dkt. No. 33 at 13, 16, 34–35. Courts have rejected the argument that the existence of private prison contractors, working on behalf of a governmental entity, creates a private analogy sufficient to waive sovereign immunity. *See, e.g.*, *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) ("[W]hen private prison contractors perform governmental functions pursuant to contracts with governmental entities, they are not similarly situated to any private actor."); *Murphy v. United States*, No. 4:23-CV-02061, 2024 WL 3878574, at *4 (M.D. Pa. Aug. 20, 2024) ("Even if a private contractor were operating a municipal or state detention facility, that situation is not analogous[.]").

The Court of Appeals for the Ninth Circuit has found similar claims for over-detention barred by the FTCA, albeit under the false imprisonment exception. *See Snow-Erlin v. United States*, 470 F.3d 804, 808–09 (9th Cir. 2006) (holding a claim for negligent miscalculation of a

ORDER GRANTING THE UNITED STATES OF AMERICA'S SECOND MOTION TO DISMISS - 7

release date is not excepted from the FTCA's waiver of sovereign immunity); *Portillo v. United States*, 741 F. App'x 415 (9th Cir. 2018) ("The district court properly dismissed Portillo's action for lack of subject matter jurisdiction because the FTCA bars claims against the United States arising out of false imprisonment.").

Plaintiff's case law (Dkt. No. 33 at 14) does not warrant a different result. In *Rivera v. Corrections Corporation of America*, the Ninth Circuit found summary judgment inappropriate on claims against a private prison operator based on a pretrial detainee's detention without a court hearing. 999 F.3d 647 (9th Cir. 2021). *Rivera* arose from employees of the private prison failing to notify the U.S. Marshals of the plaintiff's prolonged detention without a hearing. *Id.* at 652. That case did not involve the calculation of a prisoner's sentence and thus does not support Plaintiff's theory that a private party could be held liable for such acts.

Plaintiff's reliance on *Minneci v. Pollard*, 565 U.S. 118 (2012), is similarly unhelpful. There, the Supreme Court held that prisoners at privately operated prisons alleging conduct that "amounts to a violation of the Eighth Amendment" and "is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here) … must seek a remedy under state court law." 565 U.S. at 131. Plaintiff argues this holding supports the existence of a private analogue for prison functions because private prison personnel can be liable under state tort law. Dkt. No. 33 at 14. But the *Minneci* holding was specific to "improper medical care" and similar traditional torts. 565 U.S. at 131. As described above, the conduct here does not fall within the scope of traditional state tort law because calculating

sentences is a uniquely government function. Thus, Plaintiff's attempt to apply the inverse of *Minneci* to equate the United States with a private prison operator fails.[5]

In sum, there is no private action analogous to the United States's calculation of Plaintiff's FSA time credits or release date, thus the United States's sovereign immunity has not been waived and Plaintiff's claims must be dismissed. The Court denies Plaintiff leave to amend because amendment would be futile. *Steinmeyer v. Lab'y Corp. of Am. Holdings*, 676 F. Supp. 3d 851, 867 (S.D. Cal. 2023) (explaining amendment cannot cure the court's lack of jurisdiction due to defendant's immunity); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.")

### III.  CONCLUSION

For these reasons, the Court GRANTS Defendant's motion to dismiss. Dkt. No. 30. The claims against the United States of America are DISMISSED with prejudice, and the Clerk shall terminate the United States as a party.

Dated this 30th day of July, 2025.

Kymberly K. Evanson
United States District Judge

---

[5] To the extent Plaintiff also relies on *White v. Padilla*, No. 1:21-cv-1204-MIS-JFR, 2024 WL 531291 (D.N.M. Feb. 9, 2024), that case did not discuss sovereign immunity and was reversed by the Court of Appeals for the Tenth Circuit. *White v. Lucero*, 135 F.4th 1213 (10th Cir. 2025) (finding that the prison officials were entitled to qualified immunity).